## BOND *v.* STATE OF INDIANA.

[No. 25,205.   Filed December 14, 1928.]

*Joseph K. Brown,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

GEMMILL, J.—The appellant was convicted in the city court of Indianapolis and appealed to the criminal court of Marion County, where he was again convicted on a charge in five counts, viz.:   unlawful purchase and receipt of intoxicating liquor, unlawful manufacture of intoxicating liquor, unlawful possession of intoxicating liquor, unlawful sale of intoxicating liquor and the maintenance of a common nuisance, in violation of §§4

and 24, ch. 48, Acts 1925, §§2717 and 2740 Burns 1926. The trial was by the court without a jury. On a general finding of guilty, there was a judgment of fine and imprisonment. He has appealed, assigning as error that the court erred in overruling his motion for a new trial.

The first cause for a new trial was that the court erred in overruling the defendant's motion to suppress and reject the evidence secured by means of a search warrant. The affidavit for a search warrant stated the following: "That affiant has reason to believe and does believe that Leo Bond has in his possession intoxicating liquor," etc. It was contended that the search warrant was invalid as no evidence was introduced before the judge who issued same. Prior to the trial, the criminal court had a hearing on this motion. The affidavit for a search warrant was executed by a police officer, who, on the hearing on the motion, testified as follows: "I wrote out a search warrant, an affidavit, and took the affidavit before Judge Wilmeth and told Judge Wilmeth what information I had. I was sworn to the affidavit. Judge Wilmeth signed it and I filed the affidavit."

On authority of *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, it is held that probable cause for the issuance of the search warrant was not shown. Therefore, the motion of defendant to suppress and reject the evidence secured by means of the search warrant should have been sustained. On account of this error, defendant's motion for a new trial should have been granted. Martin, C. J., and the writer do not agree with *Wallace* v. *State, supra,* upon which this opinion is based.

The judgment is reversed, with directions to sustain appellant's motion for a new trial.